**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN FLAMER, | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 14-797-RGA |
| | : |
| HOWARD R. YOUNG CORRECTIONAL | : |
| INSTITUTION, et al., | : |
| Defendants. | : |

---

John Flamer, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 11, 2014
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff John Flamer, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 4). Flamer has filed several motions for injunctive relief. (D.I. 11, 12, 14) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(b) and § 1915A(a) and will address the pending motions.

Plaintiff alleges that on May 7, 2014, he fell from his top bunk injuring his back, neck, and shoulders and is unable to walk without assistance. He also suffers from a pituitary macroadenoma tumor. Plaintiff claims that he is spitting blood, there is blood in his urine, and he is almost blind in one eye. Plaintiff alleges Defendants refuse to address his medical condition. He seeks compensatory damages and immediate medical attention.

## Screening of the Complaint

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Complaint names three defendants who are immune from suit by reason of the Eleventh Amendment: HRYCI, its medical department and its security department. HRYCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies from suit in federal court regardless of the kind of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011). Hence, as an agency of the State of Delaware, the HRYCI, including its medical and security departments, is entitled to immunity under the Eleventh Amendment. Finally, the claims against the HRYCI medical and security departments are barred by *Will v. Michigan Department of State Police*, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). The claims are legally frivolous and the foregoing defendants are immune from suit. Therefore, the court will dismiss the claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and §§ 1915A(b)(1) and (2).

In addition, it appears that Plaintiff has named the HRYCI Deputy Warden based upon his supervisory position. As is well established, supervisory liability cannot be

3

imposed under § 1983 on a respondeat superior theory. *See Iqbal*, 556 U.S. 662;

*Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423

U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must

have personal involvement in the alleged wrongdoing; liability cannot be predicated

solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353

(3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Purpose rather than knowledge is required to impose liability on an official charged with

violations arising from his or her superintendent responsibilities. *See Iqbal*, 556 U.S. at

677. "Absent vicarious liability, each Government official, his or her title

notwithstanding, is only liable for his or her own misconduct." *Id*. In the present case,

Plaintiff does not associate any of his allegations with the Deputy Warden and Plaintiff

provides no facts to support a claim against him. Therefore, the court will dismiss the

claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

It appears plausible that Plaintiff may be able to articulate a claim against the

defendants or name alternative defendants. Therefore, Plaintiff will be given an

opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444

(3d Cir. 2007).

**Motions for Injunctive Relief**

Plaintiff alleges that Defendants are retaliating against him for filing this action by

not providing needed medical care. He seeks injunctive relief to obtain medical care

and to enjoin sexual assaults that have resulted because he is forced to give sexual

favors. (D.I. 6). The court ordered Defendants to respond to the motion. (D.I. 7). In

the meantime, Plaintiff filed three additional motions for injunctive relief. Therein,

4

Plaintiff seeks: (1) to enjoin Defendants from retaliating against him and he again seeks medical treatment (D.I. 11); (2) to enjoin Defendants from placing him in the hole for filing this lawsuit where he was told he would stay there if he did not dismiss the lawsuit (D.I. 12); and (3) an investigation of the abuse and misconduct directed towards him (D.I. 14).

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). The elements also apply to temporary restraining orders. *See NutraSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff's medical records indicate that he has a pituitary adenoma tumor that has been treated at various hospitals in the past and that, at this time, is stable. (D.I. 13, Ex. A at ¶ 3). Treatment of the tumor has caused Plaintiff to lose vision in his right eye. (*Id.*). Plaintiff also suffers from pan-hypopituitarism, which can be treated with

5

replacement hormones. (*Id.* at ¶ 4). However, at times, Plaintiff refuses to take the

hormone replacement treatment. (*Id.* at ¶ 4). Medical records reflect that was treated

as a result of the May 7, 2014 fall and that he continues with medical treatment at the

chronic care clinic. (*Id.* at ¶ 5). The record reflects that Plaintiff has not sought

treatment for blood in his stool or spitting up blood. (*Id.* at ¶ 6).

The record reflects that when Plaintiff claimed he was a victim of sexual assault

on May 10, 2014, his allegations were immediately investigated. (*Id.* at Ex. B at ¶¶ 4-6).

When interviewed, Plaintiff referred to a 2013 incident and denied being fondled or

otherwise inappropriately touched since the 2013 incident. (*Id.* at ¶ 6). Following the

interview, Plaintiff was referred to mental health and administered a comprehensive

sexual victimization assessment. (*Id.* at ¶ 7). Plaintiff specifically denied having been a

victim of sexual abuse during any prior period of incarceration. (*Id.* at ¶¶ 7-8). Out of

an abundance of caution, Plaintiff was housed with a new cellmate. (*Id.* at ¶ 9).

Upon review of the allegations made by Plaintiff and the evidence submitted by

Defendants, the court concludes that Plaintiff has not demonstrated the likelihood of

success on the merits.[1] The record reflects that his medical conditions are being

monitored and that the alleged sexual misconduct did not happen in 2014. Nor has

Plaintiff produced evidence of irreparable harm. For the above reasons, the court will

deny the  motions for injunctive relief. (D.I. 6, 11, 12, 14). Plaintiff is placed on notice

that motions for injunctive relief that raise the same issues will be docketed but not

considered.

---

[1]Plaintiff produced no evidence in support of his motions.

## CONCLUSION

For the above reasons, the Complaint will be dismissed for as frivolous and as certain defendants are immune from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). Plaintiff will be given leave to file an amended complaint. Plaintiff's motions for injunctive relief (D.I. 6, 11, 12, 14) will be denied.

An appropriate order will be entered.