# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JOHN FLAMER, :
:
    Plaintiff, :
:
v. : Civ. No. 14-797-RGA
:
HOWARD R. YOUNG CORRECTIONAL :
INSTITUTION, et al., :
:
    Defendants. :
:

John Flamer, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

November 20, 2014
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff John Flamer, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court dismissed the original complaint and gave Flamer leave to amend. The Court proceeds to review and screen the Amended Complaint (D.I. 19, 21) pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a). The Court will also address Plaintiff's motion for reconsideration of the Court's September 11, 2014 Order.

Plaintiff alleges that on May 7, 2014, he fell from his top bunk injuring his back, neck, and shoulders and is unable to walk without assistance. He also suffers from a pituitary macroadenoma tumor. Plaintiff claims that he is spitting blood, there is blood in his urine, and he is almost blind in one eye. Plaintiff alleges that after the incident, he advised Defendants Warden Steven Wesley and Deputy Warden Mark Emig of his medical condition. They placed him on the top-bunk and indicated they "didn't care."

Plaintiff submitted a grievance on the issue. The grievance was heard by Defendant Dennis Russell, head medical provider and Lt. Daniels. It appears that the grievance was denied as Plaintiff was not assigned a lower bunk. Plaintiff fell again during August 2014. He alleges that the head medical provider refused to address the issue even though Dr. Carla indicated that Plaintiff was to be assigned a bottom bunk.

Plaintiff alleges that Defendants Lt. Evans, Lt. Daniels, and Lt. Fields patrolled the medical pod where Plaintiff was housed. While not entirely clear, it appears that they were with the Warden and Deputy Warden, and witnessed his top bunk assignment. He seeks compensatory damages and immediate medical attention.

## Screening of the Complaint

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013); *see also* 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny,* 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke,* 490 U.S. at 327-28; *Wilson v. Rackmill,* 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States,* 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when

2

ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted).

3

As in the original Complaint, the Amended Complaint names three defendants who are immune from suit by reason of the Eleventh Amendment: HRYCI, its medical department, and its security department. For the reasons discussed in the Court's September 11, 2014 Memorandum Opinion and Order (D.I. 16, 17), they are dismissed as defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and §§ 1915A(b)(1) and (2).

Plaintiff raises claims against Russell and Daniels, it appears, because they denied a grievance submitted by Plaintiff seeking a bottom bunk assignment. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievance, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729). Plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the grievance claims against Russell and Daniels as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

To the extent Plaintiff attempts to raise medical claims, he has failed. In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii)

4

acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The Amended Complaint does not contain allegations that rise to the level of a medical needs claim and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Plaintiff, however, appears to have raised cognizable conditions of confinement claims against Defendants Emig, Wesley, Russell, Daniels, Evans, and Fields on the bunk assignment issue. He will be allowed to proceed against the foregoing Defendants.

## Motion for Reconsideration

Plaintiff moves for reconsideration of the Court's September 11, 2014 Memorandum Opinion and Order. (*See* D.I. 16, 17, 20). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

The Court finds that Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the Court's September 11, 2014 Memorandum Opinion and Order. (D.I. 17, 18). Therefore, the Court will deny the motion for reconsideration. (D.I. 20).

**Conclusion**

For the above reasons, Plaintiff will be allowed to proceed on the conditions of confinement claims against Defendants Emig, Wesley, Russell, Daniels, Evans and Fields on the bunk assignment issue. All other Defendants and claims will be dismissed as frivolous and based upon Defendants' immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). Plaintiff's motion for reconsideration will be denied. (D.I. 20).

An appropriate order will be entered.