**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN FLAMER )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>HOWARD R. YOUNG )<br>CORRECTIONAL INSTITUTION, *et al.* )<br>)<br>*Defendants*. ) | Civil Action No. 1:14-cv-00797-RGA |

**FOURTH AMENDED COMPLAINT**

Plaintiff, John Flamer ("Plaintiff"), by and through his undersigned counsel, and for his Fourth Amended Complaint against the defendants Howard R. Young Correctional Institution, Warden Steven Wesley, Mark Emig, Lt. Evans, Lt. Fields and Lt. Daniels (collectively referred to herein as "Defendants"), aver as follows:

**NATURE OF THE ACTION**

1. This is a civil action arising under the laws of the United States, specifically for violation of Plaintiff's rights under the Civil Rights Act, 42 U.S.C. § 1983, the Eighth Amendment to the United States Constitution, U.S. Const., amend. VIII, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Section 504 of the Rehabilitation Action of 1793, as amended, at 29 U.S.C. § 794 ("Rehabilitation Act").

**THE PARTIES**

2. Plaintiff, John Flamer is a citizen of the United States and was incarcerated at the Howard R. Young Correctional Institution, which is located in this judicial district, at the time the relevant facts associated with this matter occurred.

3. Upon information and belief, defendant Howard R. Young Correctional Institution ("HYCI") or Gander Hill Prison is a correctional institution operated by the State of Delaware, receives federal funding, including at least Perkins educational funding and is located at 1301 E. 12th St., Wilmington, DE 19802.

4. Upon information and belief, Steven Wesley ("Wesley") was the warden of HYCI during the relevant time period.

5. Upon information and belief, Mark Emig ("Emig") was the deputy warden of HYCI during the relevant time period.

6. Upon information and belief, Lt. Evans, now Lt. Saunders or Staff Lieutenant Saunders ("Saunders"), was a guard at HYCI during the relevant time period.

7. Upon information and belief, Lt. Fields ("Fields") was a guard at HYCI during the relevant time period.

8. Upon information and belief, Lt. Daniels ("Daniels") was a guard at HYCI during the relevant time period.

## JURISDICTION AND VENUE

9. This action arises under the Civil Rights Act, 42 U.S.C. § 1983, the Eighth Amendment to the United States Constitution, U.S. Const., amend. VIII, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Section 504 of the Rehabilitation Act of 1793, as amended, at 29 U.S.C. § 794 ("Rehabilitation Act").  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331-32 and 1338(a).

10. Venue is appropriate in this judicial district under 28 U.S.C. § 1391, because the events that gave rise to this Complaint occurred in this district.

## GENERAL FACTUAL ALLEGATIONS

11.     Plaintiff was an inmate at HYCI during 2014.

12.     Defendants Wesley, Emig, Saunders, Fields, and Daniels were, based on information and belief, working at HYCI and employed at HYCI during 2014.

13.     Plaintiff has and had during 2014 a pituitary adenoma causing loss of vision in his right eye and decreased vision in his left eye with permanent vision loss that cannot be reversed.

14.     Plaintiff has and had during 2014 pan-hypopituitarism that is treated with replacement hormones.  Plaintiff complained of dizziness and decreasing muscle strength during 2014, which can result from pan-hypopituitarism, replacement hormones to treat pan-hypopituitarism or failure to take medication related to this condition.

15.     Defendants were aware of Plaintiff's physical and mental limitations, including his loss of vision, dizziness and decreased muscle strength.

16.     Based on information and belief, Plaintiff requested a lower bunk assignment and informed Defendants about his physical and mental limitations.

17.     On or about May 7, 2014, Plaintiff fell out of his top bunk when attempting to get out of his top bunk.

18.     Defendants were, based on information and belief, aware of Plaintiff's May, 2014 fall out of his top bunk.

19.     Plaintiff was not assigned to a lower bunk following the May, 2014 fall from the top bunk.

20.     On or about August 27, 2014, Plaintiff again fell out of his top bunk when attempting to get out of his top bunk.

21. Defendants were, based on information and belief, aware of Plaintiff's August, 2014 fall out of his top bunk.

22. Plaintiff was not assigned to a lower bunk, based on information and belief, following the August, 2014 fall from the top bunk.

23. Plaintiff was granted a no top bunk memo due to fall risk status on October 2, 2014, based on information and belief.

24. Plaintiff suffered injuries as a result of his falls from the top bunk in May and August, 2014.

## COUNT I
## VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-24 of this Fourth Amended Complaint as though fully set forth herein.

26. Upon information and belief, Defendants were indifferent to the serious medical needs of Plaintiff by assigning the physically and mentally impaired Plaintiff to a top bunk or failing to assign Plaintiff to a lower bunk based on Plaintiff's fall risk status.

27. Plaintiff is entitled to monetary damages adequate to compensate Plaintiff for violation of his 8th Amendment rights.

## COUNT II
## VIOLATION OF AMERICANS WITH DISABILITIES ACT

28. Plaintiff re-alleges and incorporates by reference paragraphs 1-24 of this Fourth Amended Complaint as though fully set forth herein.

29. Upon information and belief, Plaintiff is a qualified individual with a disability under the Rehabilitation Act based on his pituitary adenoma and associated treatments for this

disease.  Plaintiff, upon information and belief, was denied accommodation for his disability by denial of a lower bunk assignment despite Plaintiff's requests for such assignment.

30.  Plaintiff is entitled to monetary damages adequate to compensate Plaintiff for violation of the Rehabilitation Act.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, John Flamer prays for judgment in his favor and against Defendants HYCI, Wesley, Emig, Saunders, Fields, and Daniels and requests that this Court:

(a)  Enter a finding and judgment in favor of Plaintiff and against Defendants for violation of his rights under the Eighth Amendment of the U.S. Constitution and for violation of the Rehabilitation Act in an amount to be ascertained and in an amount adequate to compensate Plaintiff for such violations together with pre-judgment and post-judgment interest and costs fixed by the Court; and

(b)  An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: November 28, 2017              **PANITCH SCHWARZE BELISARIO & NADEL, LLP**

By:/s/ *Dennis J. Butler*
　　Dennis J. Butler (# 5981)
　　John D. Simmons (# 5996)
　　Wells Fargo Tower
　　2200 Concord Pike, Suite 201
　　Wilmington, DE 19803
　　Telephone: (302) 394-6030
　　jsimmons@panitchlaw.com
　　dbutler@panitchlaw.com

*Counsel for Plaintiff, John Flamer*